```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES M. KERNAN, individually and on
behalf of all those independent
entrepreneurs, small and disadvantaged
business enterprises, suffering
serious, permanent and irreparable
economic and social injury and damage
as a result of actions by the
Defendants to limit the effectiveness
of Plaintiffs James M. Kernan, Oriska
Corporation and Oriska Insurance
Company to support the efforts of
independent entrepreneurs, small and
disadvantaged business enterprises to
create jobs for the disadvantaged which
can lead to rewarding careers providing     MEMORANDUM & ORDER
reliable and steady income and benefits     13-CV-3196(JS)(ARL)
for their workers and their families,
ORISKA CORPORATION, and ORISKA
INSURANCE COMPANY,

                    Plaintiffs,

        -against-

NEW YORK STATE DEPARTMENT OF FINANCIAL
SERVICES f/k/a New York State Department
of Insurance; BENJAMIN M. LAWSKY,
Superintendent; CHARLES "BUZZ" SAWYER,
Assistant Chief Investigator; MICHAEL
A. MARK, Investigator; JAMES MASTERSON,
Supervising Insurance Examiner, Property
Bureau; MICHAEL V. IMBRIANO, Principal
Insurance Examiner; EUGENE BENGER, Esq.,
Deputy General Counsel, Insurance; JOHN
G. ROTHBLATT, Esq., former Principal
Counsel; BETH COHAN, Esq., Associate
Attorney; JEFFREY A. STONEHILL, Esq.,
Hearing Officer; HOWARD D. MILLS,
III, former Superintendent; EDWARD
R. BROTON, Assistant United States
Attorney; and the UNITED STATES OF
AMERICA, as their several interests
may appear,

                    Defendants.
----------------------------------------X
```

```
APPEARANCES
For Plaintiffs
James M. Kernan:              James M. Kernan, pro se
                              2 South End Avenue
                              New York, NY 10280

Oriska Corp. and
Oriska Ins. Co.:              Antonio Faga, Esq.
                              23 Oxford Road
                              New Hartford, NY 13424

For Defendants
State Defendants:             Ralph Pernick, Esq.
                              New York State Attorney General
                              200 Old Country Road, Suite 240
                              Mineola, NY 11501

Federal Defendants:           Thomas McFarland, Esq.
                              United States Attorney's Office
                              Eastern District of New York
                              610 Federal Plaza
                              Central Islip, NY 11722
```

SEYBERT, District Judge:

Presently before the Court are (1) defendants New York State Department of Financial Services, Benjamin M. Lawsky, Charles "Buzz" Sawyer, Michael A. Mark, James Masterson, Michael V. Imbriano, Eugene Benger, Jon G. Rothblatt, Beth Cohen, Jeffrey A. Stonehill, and Howard D. Mills III's (collectively, the "State Defendants") motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and (2) pro se plaintiff James M. Kernan and plaintiffs Oriska Corporation and Oriska Insurance Company's (collectively, "Plaintiffs") motion for leave to file an amended complaint. For the following reasons, the Complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with the requirements set forth in Federal Rule of Civil Procedure

8 that a complaint contain a "short and plain statement of the claim" and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1). The State Defendants' motion to dismiss the Complaint and Plaintiff's motion for leave to file an amended complaint are consequently DENIED AS MOOT.

DISCUSSION

In a 115-page, 467-paragraph Complaint, Plaintiffs bring this action against thirteen defendants alleging numerous claims pursuant to various federal statutes and state laws. The State Defendants have moved to dismiss the Complaint. (Docket Entry 9.) Plaintiffs have sought leave to file a 152-page, 665-paragraph amended complaint including approximately 2,000 pages of exhibits. (Docket Entries 17, 24, 30). According to Plaintiffs, they seek leave to file this prolix pleading "in order to promote judicial economy and obviate the need to burden the Court with considering a motion to dismiss . . . ." (Pls.' Br., Docket Entry 24, at 3.)

Federal Rule of Civil Procedure 8 provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct," FED. R. CIV. P. 8(d)(1). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)

3

(internal quotation marks and citation omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." Id. (internal citation omitted) (affirming dismissal under Rule 8 of complaint that "span[ned] 15 single-spaced pages" and "contain[ed] a surfeit of detail" with "explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of [the plaintiff's] rights"); see Blakely v. Wells, 209 F. App'x 18, 20 (2d Cir. 2006) (stating that "[t]he District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a)" because "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain"); Rosa v. Goord, 29 F. App'x 735, 735 (2d Cir. 2002) (affirming dismissal of complaint and amended filings that "remained prolix and not susceptible of a responsive pleading" (internal quotation marks omitted)).

The Court finds that Plaintiffs' Complaint fails to comply with Rule 8, as it is far from "short and plain" and it is not "simple, concise and direct." As noted above, the Complaint spans 115 pages and contains 467 paragraphs. It purports to state ten different claims against thirteen defendants and includes a wealth of extraneous information. Although Plaintiffs claim that

their proposed amended complaint will "promote judicial economy," the proposed pleading seeks to add 198 <u>additional</u> paragraphs, thirteen <u>new</u> defendants, and approximately 2,000 pages of exhibits. Such a voluminous filing will not cure Plaintiffs' failure to comply with Rule 8. Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE, and the State Defendants' motion to dismiss and Plaintiffs' motion for leave to file an amended complaint are consequently DENIED AS MOOT.

<u>CONCLUSION</u>

For the foregoing reasons, the Complaint is DISMISSED WITHOUT PREJUDICE and the State Defendants' motion to dismiss and Plaintiffs' motion for leave to file an amended complaint are consequently DENIED AS MOOT. The Court GRANTS Plaintiffs leave to file an amended complaint that provides a short and plain statement of their claims and that includes only simple, direct, and concise allegations within thirty (30) days of this Memorandum and Order. Plaintiffs are warned that if the amended complaint does not comply with Rule 8, the Court will dismiss this action with prejudice.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to <u>pro se</u> Plaintiff Kernan.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: March  31 , 2014  
       Central Islip, NY

5