UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
JAMES M. KERNAN, individually and on behalf of all those independent entrepreneurs, small and disadvantaged business enterprises, suffering serious, permanent and irreparable economic and social injury and damage as a result of actions by the Defendants to limit the effectiveness of Plaintiffs James M. Kernan, Oriska Corporation and Oriska Insurance Company to support the efforts of independent entrepreneurs, small and disadvantaged business enterprises to create jobs for the disadvantaged which can lead to rewarding careers providing reliable and steady income and benefits for their workers and their families, ORISKA CORPORATION, and ORISKA INSURANCE COMPANY,

Plaintiffs,

-against-

NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES f/k/a New York State Department of Insurance; BENJAMIN M. LAWSKY, Superintendent of the New York State Department of Financial Services; CHARLES "BUZZ" SAWYER, Assistant Chief Investigator; JAMES MASTERSON, Supervising Insurance Examiner, Property Bureau; MICHAEL V. IMBRIANO, Principal Insurance Examiner; EUGENE BENGER, Esq., Deputy General Counsel, Insurance; JON G. ROTHBLATT, Esq., former Principal Counsel; JEFFREY A. STONEHILL, Esq., Hearing Officer; HOWARD D. MILLS, III, former Superintendent; the UNITED STATES OF AMERICA, as their several interests may appear; PAUL DEROBERTIS; CHRISTINE GRALTON; JAMES HANSON; BERTRAM A. HOROWITZ; BERTRAM HOROWITZ, INC.; GLORIA HUBERMAN; THOMAS HURLEY;

<u>MEMORANDUM & ORDER</u>
13-CV-3196(JS)(ARL)

KEVIN McCARTY; SHEIK MOHAMED; ROBIN WESCOTT, individually, and collectively, alone and in concert with present and former associates and other still unidentified parties; ANDREW BORON, Director of the Illinois Department of Insurance; PATRICK HUGHES, Deputy Director of the Illinois Office of the Special Deputy; ILLINOIS DEPARTMENT OF INSURANCE; ILLINOIS OFFICE OF THE SPECIAL DEPUTY; and FLORIDA OFFICE OF INSURANCE REGULATION,

Defendants.

---------------------------------------X

APPEARANCES

| | |
|---|---|
| For Plaintiffs<br>James M. Kernan: | Daniel L. Hitzke, Esq.<br>Hitzke & Associates<br>100 Oceangate, Suite 1100<br>Long Beach, CA 90802 |
| Oriska Corp. and<br>Oriska Ins. Co.: | Daniel L. Hitzke, Esq.<br>Hitzke & Associates<br>100 Oceangate, Suite 1100<br>Long Beach, CA 90802<br><br>Antonio Faga, Esq.<br>7955 Airport Rd. N. 202<br>Naples, FL 34109 |
| For Defendants<br>New York State<br>Defendants: | Ralph Pernick, Esq.<br>New York State Attorney General<br>200 Old Country Road, Suite 240<br>Mineola, NY 11501 |
| Federal Defendants: | Thomas McFarland, Esq.<br>United States Attorney's Office<br>Eastern District of New York<br>610 Federal Plaza<br>Central Islip, NY 11722 |

| | |
|---|---|
| Florida State Defendants: | No Appearances |
| Illinois State Defendants: | No Appearances |

SEYBERT, District Judge:

Presently before the Court is the motion of defendants Eugene Benger, Esq.; Paul DeRobertis; Christine Gralton; Bertram Horowitz; Bertram Horowitz, Inc.; Gloria Huberman; Thomas Hurley; Michael V. Imbriano; James Masterson; Howard D. Mills, III; Shiek Mohamed; Jon G. Rothblatt, Esq.; Charles "Buzz" Sawyer; Jeffrey A. Stonehill; Benjamin M. Lawsky, Superintendent of the New York State Department of Financial Services; and the New York State Department of Financial Services (collectively the "State Defendants")[1] to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry 70.) For the following reasons, the State Defendants' motion is GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE as against the State

[1] Defendants James Hanson; Kevin McCarty; Robin Wescott, individually, and collectively, alone and in concert with present and former associates and other still unidentified parties; Andrew Boron, Director of the Illinois Department of Insurance; Patrick Hughes, Deputy Director of the Illinois Office of the Special Deputy; Illinois Department of Insurance; Illinois Office of the Special Deputy; Florida Office of Insurance Regulation; and United States of America, have not moved for dismissal and are referred to herein as the "Non-moving Defendants," and together with the State Defendants, "Defendants."

Defendants. As against the Non-moving Defendants, the Amended Complaint is sua sponte DISMISSED.

BACKGROUND[2]

Kernan owns and controls both Oriska Insurance Company ("OIC") and Oriska Corporation. (Am. Compl., Docket Entry 62, ¶ 82.) On March 20, 2009, Kernan pled guilty to count twelve of a fifteen count superseding indictment arising from his alleged involvement in a scheme to defraud several professional employer organizations by misrepresenting that his company, OIC, was authorized to write workers compensation insurance. See Superseding Indictment, United States v. Kernan, No. 08-CR-0061 (N.D.N.Y. Mar. 20, 2009). Kernan pled guilty to violating 18 U.S.C. § 1033(e)(1)(B), which prohibits anyone engaged in the business of insurance from willfully permitting certain convicts from engaging in the business of insurance.

As a result of his guilty plea to violating § 1033(e)(1)(B), Kernan himself was barred, pursuant to § 1033(e)(1)(A) from engaging in the business of insurance in the future. See 18 U.S.C. § 1033(e)(1)(A) (prohibiting "[a]ny individual . . . who has been convicted of an offense under this section" from willfully engaging in the business of insurance).

---

[2] The following facts are drawn from the Amended Complaint and documents of which this Court takes judicial notice. Allegations in the Amended Complaint are assumed true for purposes of this Memorandum and Order.

It is this bar from which every cause of action brought in the Amended Complaint arises.

Kernan previously sought to have his practice bar overturned. Section 1033 allows a person that is barred from engaging in the business of insurance to apply to an authorized regulatory official for reinstatement. 18 U.S.C. § 1033(e)(2). Kernan applied to the New York State Department of Financial Services ("DFS"). See Final Determination and Order, In re James Matthew Kernan, No. 2011-0052.[3] On February 4, 2013, the DFS refused to reinstate Kernan. Id. at 11-13. The DFS also found that pursuant to N.Y. Ins. Law § 1506(c), Kernan had demonstrated untrustworthiness as a controlling person of OIC, and ordered him to divest of his holdings. Id. at 13.

Later, Kernan challenged the DFS's finding of his untrustworthiness in an Article 78 proceeding. See Petition, Oriska Ins. Co. v. N.Y. Dep't of Fin. Servs., No. 13-0824 (Apr. 19, 2013).[4] On May 1, 2014, his petition was denied. See Decision, Order, and Judgment, Oriska Ins. Co. v. N.Y. Dep't of Fin. Servs., No. 13-0824 (May 1, 2014).[5]

[3] Docketed in this case at Entry 9-5, at 11.

[4] Docketed in this case at Entry 9-10, at 8-23.

[5] Docketed in this case at Entry 70-2.

Like New York, other states took affirmative steps to ensure that Kernan could not practice in the business of insurance. Though the nature of their enforcement is not clear from the Amended Complaint, at least some of Plaintiffs' interests were placed into receivership in Florida and Illinois. (Am. Compl. ¶ 51.)

Based on these facts, Plaintiffs bring five causes of action: (1) a 42 U.S.C. § 1983 discrimination claim purportedly asserted on behalf of the "minority, women, veteran, disabled business enterprises and other disadvantaged individuals" (Am. Compl. ¶ 3), because Defendants have deprived them of the opportunity to utilize Plaintiffs' insurance services; (2) a Title VII discrimination claim again asserted on behalf of the same putative class; (3) a § 1983 Conspiracy claim for the restraint of Plaintiffs' practicing insurance; (4) a challenge to the constitutionality of 18 U.S.C. § 1033(e)(1)(A) as it applies to Kernan; and (5) a challenge to the DFS's finding of untrustworthiness pursuant to N.Y.C.P.L.R. art. 78.

DISCUSSION

The Court first considers whether Plaintiffs have standing to bring the claims asserted in the Amended Complaint. The Court then proceeds to discuss the merits of the State Defendants' 12(b)(6) motion.

## I. Motion to Dismiss for Lack of Standing

### A. Legal Standard

Standing is a jurisdictional question that determines "the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). To establish standing under Article III, a plaintiff must show:

> (1) that he suffered an injury-in-fact--an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical; (2) that there was a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Carver v. City of N.Y., 621 F.3d 221, 225 (2d Cir. 2010) (internal quotation marks omitted); Liberty Global Logistics LLC v. U.S. Mar. Admin., No. 13-CV-0399, 2014 WL 4388587, at *3 (E.D.N.Y. Sept. 5, 2014). A plaintiff suffers an injury-in-fact where he has been injured in a "personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1, 112 S. Ct. 2130, 2136 n.1, 119 L. Ed. 2d 351 (1992). Thus, whether a plaintiff has standing "depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." Id. at 561, 112 S. Ct. at 2137; Ritell v. Briarcliff Manor, 466 F. Supp. 2d 514, 519 (S.D.N.Y. 2006).

B. Oriska Corporation

Oriska Corporation is an owner of OIC. (See Compl., Docket Entry 1, ¶¶ 82-84.)[6] The Amended Complaint does not allege any injury particular or unique to Oriska Corporation. Instead, Oriska Corporation derives its claims as a result of its ownership interest in OIC.

As a shareholder of the allegedly injured OIC, Oriska Corporation was only "injured only as a result of the injury to another." Bingham v. Zolt, 66 F.3d 553, 562 (2d Cir. 1995). Oriska Corporation's second-hand injury does not amount to injury in a "personal and individual way," as Article III requires. Lujan, 504 U.S. at 560 n.1, 112 S. Ct. at 2136 n.1; see also Wright-Upshaw v. Nelson, No. 13-CV-3367, 2014 WL 692870, at *3 (E.D.N.Y. Feb. 19, 2014) (finding that individual plaintiff could not sue for losses incurred by charitable organization); Caravella v. City of N.Y., 79 F. App'x 452, 453 (2d Cir. 2003) (affirming

[6] Factual allegations in an earlier pleading may be accepted as admissions. See Barris v. Hamilton, No. 96-CV-9541, 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999) ("While there may be a rare occasion to disregard the contradictory and manipulated allegations of an amended pleading . . . the more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course." (citation omitted)).

dismissal of breach of contract claim for lack of standing where corporation, not plaintiff, was party to the contract).[7]

Because Oriska Corporation has not satisfied Article III's injury-in-fact requirement, the claims asserted on its behalf are DISMISSED WITH PREJUDICE.

C. Discrimination Claims

Plaintiffs first and second causes of action seek relief for discrimination allegedly suffered by "minority, women, veteran, disabled business enterprises and other disadvantaged individuals." (Am. Compl. ¶ 3.) Plaintiffs lack Article III standing to bring these claims.

None of the named Plaintiffs are alleged to be members of the class outlined in the Amended Complaint, and none of the named Plaintiffs have suffered the injuries claimed. Thus, Plaintiffs have not been injured in the "personal and individual way" as required to bring these claims.[8] Lujan, 504 U.S. at 560 n.1, 112 S. Ct. at 2136 n.1.

---

[7] For those claims asserted pursuant to 42 U.S.C. § 1983, Oriska Corporation's bar from participation is even more well-settled, as "the federal courts consistently have held that a corporate officer or shareholder, regardless of his position or degree of share ownership, cannot prosecute his corporation's § 1983 claims." Sterngass v. Bowman, 563 F. Supp. 456, 459 (S.D.N.Y.), aff'd, 742 F.2d 1440 (2d Cir. 1983).

[8] Without leave of Court, Plaintiffs filed a Second Amended Complaint that sought to add as plaintiffs additional parties. Because Plaintiffs' original complaint had been dismissed (albeit without prejudice), and because the Second Amended

Plaintiffs do not save these causes of action by attempting to represent a class of the individuals whom they allege have been aggrieved. The requirement of Article III is "no less true with respect to class actions than with respect to other suits." Lewis v. Casey, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996). Thus, a plaintiff may not save claims for which he lacks standing by purporting to assert them on behalf of others who might have standing; "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Id. (internal quotation marks and citation omitted). Accordingly, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or

---

Complaint fell outside of the time limit prescribed by the Court's March 31, 2014 Memorandum and Order, the Court rejected the proposed Second Amended Complaint. See FED. R. CIV. P. 15; Salwen Paper Co., Profit Sharing Ret. Trust v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 79 F.R.D. 130, 133 (S.D.N.Y. 1978) ("It is well established that once the order of dismissal had been entered by this Court, 'the right . . . to amend [the] complaint once as a matter of course was at an end.'" (alteration and ellipsis in original) (quoting Swan v. Bd. of Higher Ed. of City of N.Y. by Rosenberg, 319 F.2d 56, 60 (2d Cir. 1963)); Vars v. Int'l Bhd. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, 204 F. Supp. 245, 246 (D. Conn. 1962) (explaining that the right to amend, as a matter of course, is waived where the Plaintiff had earlier been given leave to amend); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 242-43 (2d Cir. 2007) (discussing how a party's right to amend yields to the Court's power to set deadlines).

controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674 (1974); see also Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 241 (2d Cir. 2007) ("'To establish Article III standing in a class action . . . . for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant, and at that point standing is satisfied and only then will the inquiry shift to a class action analysis.'" (quoting Newburg on Class Actions § 2:6 n.3 (4th ed. 2002)); Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co., 862 F. Supp. 2d 322, 331 (S.D.N.Y. 2012) ("For each claim asserted in a class action, there must be at least one class representative (a named plaintiff or a lead plaintiff) with standing to assert that claim.").

Accordingly, Plaintiffs' discrimination claims based upon 42 U.S.C. § 1983 (first cause of action) and Title VII (second cause of action), whether asserted individually or on behalf of a putative class to which no named Plaintiff belongs, are DISMISSED WITH PREJUDICE.[9]

---

[9] Because Plaintiffs do not have Article III standing to assert the discrimination claims, the Court need not determine whether Plaintiffs have class standing to do so. "The Article III standing determination should precede that of class certification." In re Salomon Smith Barney Mut. Fund Fees Litig., 441 F. Supp. 2d 579, 605 (S.D.N.Y. 2006). Whether

II. Motion to Dismiss for Failure to State a Claim

Having decided that Oriska Corporation lacks standing to bring any claim asserted in the Amended Complaint, and that Plaintiffs lack standing to bring the first and second claims for discrimination pursuant to 42 U.S.C. § 1983 and Title VII, respectively, the Court next considers whether Plaintiffs' remaining claims withstand Defendants' motion to dismiss.

A. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949-50; Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to

---

Plaintiffs can satisfy the Second Circuit's test for class standing under Federal Rule 23--articulated in NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 162 (2d Cir. 2012)--is of no consequence. Plaintiffs fail the Article III inquiry, and "it is black letter law that a rule of procedure (such as Rule 23) cannot create standing." Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc., 714 F. Supp. 2d 475, 480 (S.D.N.Y. 2010).

dismiss. Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F. 3d 67, 71 (2d Cir. 1998). However, this limitation has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

B. Section 1983 Conspiracy Claim

Plaintiffs allege that "Defendants, jointly and severally, individually and collectively, have conspired and agreed to restrain for an unlawful purpose and prohibit lawful operations by Plaintiffs." (Am. Compl. ¶ 76.)

To plead a § 1983 conspiracy, a plaintiff must plead: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in

furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (affirming dismissal where allegations of conspiracy were "strictly conclusory"). A plaintiff "is not required to list the place and date of defendants meetings and the summary of their conversations when he pleads conspiracy, but the pleadings must present facts tending to show agreement and concerted action." Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (internal quotation marks and citation omitted).

Plaintiffs' allegations of an agreement among Defendants are insufficient. Plaintiffs allege that the "National Association of Insurance Commissioners . . . was a cloak for Defendants to exchange information for the purpose of a coordinated attack" on Plaintiffs, (Am. Compl. ¶ 50), and that the NYSDFS "enlist[ed] Illinois, California, and Florida to snuff out the existence of Plaintiff Oriska," (Am. Compl. ¶ 61).[10] These conclusory statements are buttressed by little factual support. To the extent Kernan challenges the 2009 charge to which he pled

[10] It is unclear whether Plaintiffs § 1983 conspiracy claim takes issue with the charge that precipitated Kernan's statutory bar from practicing insurance--to which Kernan pled guilty in 2009--or the effects of Kernan's statutory bar. The Court therefore considers both possibilities.

guilty, the Amended Complaint does not allege that Defendants were involved in bringing that charge in any significant way. To the extent Kernan challenges the enforcement of his statutory bar, that each State and their representatives sought to enforce Kernan's bar from the business of insurance is not indicative of any "meeting of the minds." See Fisk v. Letterman, 401 F. Supp. at 376.

Even crediting the Amended Complaint's conclusory allegations that Plaintiffs acted "jointly" and "collectively," and assuming that such allegations were sufficient to raise an inference of concerted action (which they are not), Plaintiffs' conspiracy claim still fails. Plaintiffs have not alleged what constitutional violations to which which Defendants endeavored to subject them, much less any action in furtherance of such an endeavor. The Amended Complaint perhaps attempts to state a violation of Plaintiffs' Fourth Amendment right against malicious prosecution. Plaintiffs allege that Defendants have "instigate[d] and dri[ven] a federal prosecution . . . carefully concealing and withholding a wealth of exonerating information." (Am. Compl. ¶ 83.) Without more, this allegation is insufficient. Plaintiff have not alleged that any proceeding has terminated in Plaintiffs' favor, and a favorable termination is a precondition to a malicious prosecution claim. See Murphy v. Lynn, 118 F.3d 938, 949 (2d Cir. 1997).

Accordingly, Plaintiffs § 1983 conspiracy claim is DISMISSED WITH PREJUDICE.

C. Constitutional Challenge to 18 U.S.C. § 1033

Plaintiffs challenge the constitutionality of 18 U.S.C. § 1033(e)(1)(A) as it applies to Kernan. Plaintiffs explain that, in enacting the statutory bar of § 1033(e)(1)(A), the legislature intended that it apply to individuals deemed guilty of dishonesty or breach of the trust; it did not intend, Plaintiffs submit, that the bar apply to individuals like Kernan, who were convicted under the strict liability offense described in 18 U.S.C. § 1033(e)(1)(B). (Am. Compl. ¶ 85.)

Plaintiffs' "legislative intent" argument is contradicted by the plain text of the statute. Patagonia Corp. v. Bd. of Governors of Fed. Reserve Sys., 517 F.2d 803, 813 (9th Cir. 1975) ("[B]eyond doubt, the best evidence of [legislative] intent is the text of the statute itself."). Section 1033(e)(1)(A) reads:

> Any individual who has been convicted of any criminal felony involving dishonesty or a breach of trust, or who has been convicted of an offense under this section, and who willfully engages in the business of insurance whose activities affect interstate commerce or participates in such business, shall be fined as provided in this title or imprisoned not more than 5 years, or both.

The statute lists two categories of individuals subject to the practice bar: (1) individuals who have been convicted of a criminal felony involving dishonesty or breach of trust, and (2) individuals

who have been convicted of an offense under § 1033. Kernan's reading of the statute would require the Court to scratch entirely--or at least significantly conscribe--the latter group of individuals. The Court does not read the statute that way. See Puello v. Bureau of Citizenship & Immigration Servs., 511 F.3d 324, 330 (2d Cir. 2007) (discussing the "usual practice of rejecting a reading of a statute that would render a section of it superfluous).

Moreover, the Court has reviewed the legislative history surrounding § 1033, and it finds no support for Plaintiffs' proposed reading of the statute. To the contrary, the legislature expressed concern that those convicted of insurance-related crimes frequently continue to tarnish the insurance business by associating with a different insurance outfit. See H.R. REP. 103-468 ("Under present laws, all too often the perpetrators of fraud and deceptive practices in the insurance field not only are able to carry out their schemes with impunity, but--equally troubling--they move on to another insurance company to inflict still more harm to the good name of insurance."). Thus, it stands to reason that the legislature intended the practice bar to apply to all individuals convicted of an insurance-related crime, irrespective of whether honesty or breach of trust was involved.

Finally, even conceding to Plaintiffs that the statute, as applied to Mr. Kernan, derogates from the intent of the

drafters, that says nothing of its constitutionality. Plaintiffs have offered no cogent explanation of how the statute, as applied to Kernan, runs afoul of any constitutional guarantee. Accordingly, Plaintiffs' as-applied challenge to 18 U.S.C. § 1033(e)(1)(A) is DISMISSED WITH PREJUDICE.

D. Article 78 Proceeding

Plaintiffs finally ask this Court to exercise its supplemental jurisdiction over a challenge, pursuant to New York Civil Practice Law and Rules Article 78, to the DFS's finding of his untrustworthiness.

There is some dispute among courts in this Circuit as to whether federal district courts may exercise their supplemental jurisdiction over Article 78 proceedings. Compare Cartagena v. City of N. Y., 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003) (Chin, J.) (concluding that the court lacked supplemental jurisdiction over an Article 78 proceeding because Article 78 is a creation of state law, and "state law does not permit Article 78 proceedings to be brought in federal courts") with Casale v. Metro. Transp. Auth., No. 05-CV-4232, 2005 WL 3466405, at *6 (S.D.N.Y. Dec. 19, 2005) ("State law may direct that '[a] proceeding under this article shall be brought in [state] supreme court,' but . . . [i]f such a directive could deprive federal courts of jurisdiction, state legislatures, not Congress, would control the power of the federal judiciary." (first and second alterations in original)).

There is little disagreement, however, that the state courts are the preferred forum for Article 78 proceedings. See, e.g., Birmingham v. Ogden, 70 F. Supp. 2d 353, 372 (S.D.N.Y. 1999) ("[F]ederal courts are loath to exercise jurisdiction over Article 78 claims."); Lucchese v. Carboni, 22 F. Supp. 2d 256, 258 (S.D.N.Y. 1998) ("Article 78 proceedings were designed for the state courts, and are best suited to adjudication there.").

Accordingly, because all of Plaintiffs' federal causes of action have been dismissed, and because the Court concludes that an Article 78 proceeding is better-suited to adjudication in the New York State courts, Plaintiffs' Article 78 proceeding before this Court is DISMISSED.

III. Claims against the Non-Moving Defendants

Plaintiffs' claims against the Non-moving Defendants fail for the exact same reasons that they fail against the State Defendants. A district Court may dismiss a complaint, sua sponte for failure to state a claim as long as the plaintiff has been given an opportunity to be heard. See Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001). Plaintiffs have been heard; they have had every opportunity to defend the Amended Complaint in the context of the State Defendant's motion. Accordingly, because the claims against the Non-moving Defendants suffer from the same fatal defects as the claims against the State Defendants, and because Plaintiffs have

presented argument on each of those defects, the claims in the Amended Complaint are DISMISSED, sua sponte, to the extent they are asserted against the Non-moving Defendants.

CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss the Amended Complaint is GRANTED, and the Amended Complaint is DIMISSED WITH PREJUDICE. The Amended Complaint is DISMISSED, sua sponte, as against the Non-moving Defendants. The Clerk of the Court is directed to enter judgment in accordance with this Memorandum and Order, and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 15 , 2015
Central Islip, NY