```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```
JAMES M. KERNAN, individually and on
behalf of all those independent
entrepreneurs, small and disadvantaged
business enterprises, suffering
serious, permanent and irreparable
economic and social injury and damage
as a result of actions by the
Defendants to limit the effectiveness
of Plaintiffs James M. Kernan, Oriska
Corporation and Oriska Insurance
Company to support the efforts of
independent entrepreneurs, small and
disadvantaged business enterprises to
create jobs for the disadvantaged which
can lead to rewarding careers providing        MEMORANDUM & ORDER
reliable and steady income and benefits        13-CV-3196(JS)(ARL)
for their workers and their families,
ORISKA CORPORATION, and ORISKA
INSURANCE COMPANY,

                    Plaintiffs,

        -against-

NEW YORK STATE DEPARTMENT OF FINANCIAL
SERVICES f/k/a New York State Department
of Insurance; BENJAMIN M. LAWSKY,
Superintendent of the New York State
Department of Financial Services;
CHARLES "BUZZ" SAWYER, Assistant Chief
Investigator; JAMES MASTERSON,
Supervising Insurance Examiner, Property
Bureau; MICHAEL V. IMBRIANO, Principal
Insurance Examiner; EUGENE BENGER, Esq.,
Deputy General Counsel, Insurance; JON
G. ROTHBLATT, Esq., former Principal
Counsel; JEFFREY A. STONEHILL, Esq.,
Hearing Officer; HOWARD D. MILLS,
III, former Superintendent; the UNITED
STATES OF AMERICA, as their several
interests may appear; PAUL DEROBERTIS;
CHRISTINE GRALTON; JAMES HANSON;
BERTRAM A. HOROWITZ; BERTRAM HOROWITZ,
INC.; GLORIA HUBERMAN; THOMAS HURLEY;

KEVIN McCARTY; SHEIK MOHAMED; ROBIN
WESCOTT, individually, and collectively,
alone and in concert with present and
former associates and other still
unidentified parties; ANDREW BORON,
Director of the Illinois Department of
Insurance; PATRICK HUGHES, Deputy
Director of the Illinois Office of the
Special Deputy; ILLINOIS DEPARTMENT OF
INSURANCE; ILLINOIS OFFICE OF THE
SPECIAL DEPUTY; and FLORIDA OFFICE
OF INSURANCE REGULATION,

           Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs
James M. Kernan:       Daniel L. Hitzke, Esq.
              Hitzke & Associates
              100 Oceangate, Suite 1100
              Long Beach, CA 90802

Oriska Corp. and
Oriska Ins. Co.:       Daniel L. Hitzke, Esq.
              Hitzke & Associates
              100 Oceangate, Suite 1100
              Long Beach, CA 90802

              Antonio Faga, Esq.
              7955 Airport Rd. N. 202
              Naples, FL 34109

For Defendants
New York State
Defendants:         Ralph Pernick, Esq.
              New York State Attorney General
              200 Old Country Road, Suite 240
              Mineola, NY 11501

Federal Defendants:      James Halleron Knapp, Esq.
              Varuni Nelson, Esq.
              United States Attorney's Office
              Eastern District of New York
              610 Federal Plaza
              Central Islip, NY 11722

| | |
|---|---|
| Florida State Defendants: | No Appearances |
| Illinois State Defendants: | No Appearances |

SEYBERT, District Judge:

Presently pending before the Court are plaintiffs James M. Kernan ("Kernan"), Oriska Corporation, and Oriska Insurance Company's ("OIC" and, collectively, "Plaintiffs") motion to supplement the record on appeal (Docket Entry 84) and motion to further supplement the record on appeal (Docket Entries 97 and 98).[1] For the following reasons, Plaintiffs' motions are DENIED.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, which are set forth in the Court's Memorandum and Order dated July 15, 2015 (the "Order"). (Order, Docket Entry 80.) As set forth more fully in the Order, Kernan owns and controls OIC and Oriska Corporation. (Order at 4.) After Kernan pled guilty to violating 18 U.S.C. § 1033(e)(1)(B)--which bars individuals engaged in the insurance business from "willfully permitting certain convicts from engaging in the business of insurance"--Kernan himself was barred from engaging in the business of insurance. (Order at 4.) Kernan applied to the New

---

[1] The Court construes Docket Entries 97 and 98, a declaration and memorandum of law filed by Plaintiffs after briefing concluded on Plaintiffs' initial motion, as a second motion to supplement the record on appeal.

York State Department of Financial Services ("DFS") for reinstatement, but DFS found that Kernan had demonstrated untrustworthiness and ordered Kernan to divest of his holdings. (Order at 5.)

Plaintiffs' Amended Complaint in this action asserts claims pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 on behalf of a class of "'minority, women, veteran, disabled business enterprises and other disadvantaged individuals'" who have been deprived of the ability to utilize Plaintiffs' insurance services; a Section 1983 conspiracy claim regarding the restraints placed on Plaintiffs' ability to practice insurance; a challenge to the constitutionality of 18 U.S.C. § 1033(e)(1)(A) as applied to Kernan; and a challenge to DFS's determination of Kernan's untrustworthiness pursuant to New York Civil Practice Law and Rule Article 78. (Order at 6; see also Am. Compl., Docket Entry 62.)

Defendants Eugene Benger, Esq., Paul DeRobertis, Christine Gralton, Bertram A. Horowitz, Bertram Horowitz, Inc., Gloria Huberman, Thomas Hurley, Michael V. Imbriano, James Masterson, Howard D. Mills, III, Sheik Mohamed, Jon G. Rothblatt, Esq., Charles "Buzz" Sawyer, Jeffrey A. Stonehill, Benjamin M. Lawsky, Superintendent of the New York State of Department of Financial Services, and the New York State Department of Financial Services ("DFS" and, collectively, the "State Defendants") moved

4

to dismiss the Amended Complaint (the "State Defendants' Motion"). (St. Defs.' Mot., Docket Entry 70.) The Court's Order dated July 15, 2015, granted the State Defendants' motion and dismissed the Amended Complaint with prejudice. (Order at 3.) The Order's background section notes that the facts were drawn from the Amended Complaint and "documents of which this Court takes judicial notice." (Order at 4 n.2.) Particularly, the Court took judicial notice of a superseding indictment in the matter of U.S. v. Kernan, No. 08-CR-0061, (N.D.N.Y. Mar. 20, 2009) (the "Superseding Indictment"), and noted that "[o]n March 20, 2009, Kernan pled guilty to count twelve of a fifteen count superseding indictment arising from his alleged involvement in a scheme to defraud several professional employer organizations by misrepresenting that his company, OIC, was authorized to write workers compensation insurance." (Order at 4.) The Superseding Indictment was not filed on the docket. The Court also took judicial notice of a DFS Final Determination and Order, state court petition, and state court decision, all of which were filed on the docket in conjunction with the underlying motion or an earlier motion to dismiss filed by the State Defendants. (Order at 4-5.)

The Court held that Oriska Corporation lacked standing because it failed to allege a particular injury and derived its claims from its ownership interest in OIC. (Order at 8.) The Court also held that Plaintiffs lacked standing to assert their

5

claims on behalf of a class in light of their failure to establish their membership in the putative class. (Order at 9-11.) With respect to Plaintiffs' conspiracy claim, the Court held that the Amended Complaint failed to plausibly allege an agreement among Defendants. (Order at 14-16.) Additionally, the Court rejected Plaintiffs' "as applied" claim and declined to credit their interpretation of Section 1033(e)(1)(A), holding that "the legislature intended the practice bar to apply to <u>all</u> individuals convicted of an insurance-related crime, irrespective of whether honesty or breach of trust was involved," and the statute does not "run[] afoul of any constitutional guarantee." (Order at 17-18 (emphasis in original).) Finally, the Court declined to exercise supplemental jurisdiction over Plaintiffs' Article 78 claim.[2] (Order at 19.)

On August 15, 2015, Plaintiffs filed Notices of Appeal. (<u>See</u> Docket Entries 82 and 83.) On September 20, 2016, Plaintiffs filed Amended Notices of Appeal indicating that they will not be appealing the Court's Article 78 claim. (<u>See</u> Docket Entries 100 and 101.)

I. <u>Plaintiffs' Motion</u>

On December 16, 2015, Plaintiffs filed a motion to supplement the record on appeal. (Pls.' Mot., Docket Entry 84.)

---

[2] The Court <u>sua sponte</u> dismissed Plaintiffs' claims against the non-moving defendants. (Order at 19-20.)

6

Plaintiffs allege that the Order "relied upon and took judicial notice of matters outside the allegations in the amended complaint but did not reference or take into consideration full facts and events regarding the matters on which judicial notice was taken." (Pls.' Decl., Docket Entry 84-1, ¶ 2.) Plaintiffs further allege that they "were not given the opportunity to complete the documentation relative to [Kernan's] conviction such as the Petition for Coram Nobis Relief, Docket No. 6:14-cv-1093 pending in District Court for the Northern District of New York, <u>Kernan v. [DFS]</u> Index No. 2015-2494, RJI No. 32-15-1125 pending in Supreme Court Oneida County New York and <u>Kernan v. New York State</u>, Claim No 126419 pending in the New York State Court of Claims[.]" (Pls.' Decl. ¶ 3.) The State Defendants oppose Plaintiffs' motion, noting that the Order only took judicial notice of three documents that "set forth historical information concerning the underlying proceedings." (Defs.' Opp., Docket Entry 93, at 2.)

Following a phone conference conducted by the Court on January 11, 2016, (<u>see</u> Minute Entry, Docket 92), the parties filed additional submissions regarding Plaintiffs' motion. Plaintiffs withdrew their request to add certain documents to the appellate record, (Pls.' Ltr., Docket Entry 94, at 3-4), and clarified that they seek to supplement the record to include the following documents: (1) documents regarding Kernan's application for Coram Nobis relief filed in the Northern District of New York; (2) an

7

Opinion of the State's Office of General Counsel; (3) a Judgment dated December 14, 2007, based on a stipulation during a state court trial dismissing with prejudice a receivership action filed by DFS against Oriska Corporation; (4) documents regarding Kernan's claim against the State of New York in the Court of Claims; (5) Kernan's reinstatement to the New York State bar by the Appellate Division, Fourth Department; (6) Kernan's reinstatement to the Eastern District bar; (7) the transcript of December 3, 2015 proceedings in state court; (8) the transcript of December 17, 2015 proceedings in state court; and (9) DFS's Freedom of Information Law ("FOIL") responses dated January 14, 2016, and January 20, 2016.³  (Pls.' Ltr. at 4; Exs. A-I, Docket Entry 94-1 through 94-9.)

II. Plaintiffs' Supplemental Motion

On April 29, 2016, Plaintiffs filed a second motion to supplement the record on appeal, requesting that the record also include DFS's FOIL response dated April 5, 2016.  (Pls.' Suppl. Decl., Docket Entry 97, ¶ 3.)  Plaintiffs allege that DFS conceded that it destroyed and discarded exculpatory evidence.  (Pls.' Suppl. Decl. ¶ 3.)

---

³ On February 10, 2016, Plaintiffs filed a sur-reply memorandum. (Docket Entry 96.)  The Court declines to consider Plaintiffs' submission based on their failure to request permission to file a sur-reply.

DISCUSSION

Federal Rule of Appellate Procedure 10(e) ("Rule 10(e)") provides that the record on appeal may be corrected or modified where "any difference arises about whether the record truly discloses what occurred in the district court" or "anything material to either party is omitted or misstated in the record by error or accident." FED. R. APP. P. 10(e)(1)-(2).[4] However, Rule 10(e) "'is not a device for presenting evidence to [an appellate court] that was not before the trial judge.'" McGee v. Pallito, No. 04-CV-0335, 2013 WL 105173, at *1 (D. Vt. Jan. 8, 2013) (quoting Eng v. N.Y. Hosp., 199 F.3d 1322, 1999 WL 980963, at *1 (2d Cir. Sept. 30, 1999)) (alteration in original). See also Miro v. Plumbers & Pipefitters Nat'l Pension Fund, No. 01-CV-5196, 2002 WL 31357702, at *2 (S.D.N.Y. Oct. 17, 2002) ("[i]t is well settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review") (internal quotation marks and citation omitted; alteration in original).

Plaintiffs argue that the appellate record must be supplemented to include the "full facts and events" regarding the

---

[4] Rule 10(e) also provides that "[a]ll other questions as to the form and content of the record must be presented to the court of appeals." FED. R. APP. P. 10(e)(3).

9

documents that were accorded judicial notice. (Pls.' Decl. ¶ 2.) First, as set forth above, Rule 10(e) is not a mechanism to provide the Second Circuit with documents that were not filed on the docket or otherwise submitted to this Court. It is beyond dispute that the documents that Plaintiffs seek to add to the record were not before the Court. Indeed, of the nine sets of documents that Plaintiffs seek to include in the record pursuant to their initial motion, three sets of documents post-date the Order, (See Pls.' Ltr. at Exs. G through I, Docket Entries 94-7 to 94-9), and four sets of documents post-date the submission of the State Defendants' Reply to the underlying motion to dismiss (State Defs.' Reply, Docket Entry 79; Pls.' Ltr. at Exs. A, D-F, Docket Entries 94-1, 94-4 through 94-6.) Plaintiffs' second motion to supplement the record also seeks to include a document that post-dates the Order. (See Pls.' Br.) Thus, supplementing the record will not provide a "clear view of the factors influencing the trial court's decision," as suggested by Plaintiffs. (Pls.' Reply Br., Docket Entry 89, at 4.)

Second, the Court took judicial notice of the existence of a handful of documents for the purpose of providing a factual background. The Court did not consider these documents in its determination of standing, nor did it deem these documents to be incorporated by reference or otherwise integral to the Amended Complaint. See Dechberry v. N.Y. City Fire Dep't, 124 F. Supp. 3d

10

131, 135 (E.D.N.Y. 2015) (the Court's consideration of a Rule 12(b)(6) motion to dismiss is "limited to consideration of the Complaint itself," but the complaint includes exhibits, "materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint") (internal quotation marks and citation omitted).

Parenthetically, the Court is not persuaded by Plaintiffs' argument that the record must be supplemented to correct the Court's alleged error in stating:

> Kernan challenged the DFS's finding of his untrustworthiness in an Article 78 proceeding. See Petition, Oriska Ins. Co. v. N.Y. Dep't of Fin. Servs., No. 13-0824 (Apr. 19, 2013). [Docket Entry 9-10, at 8-23.] On May 1, 2014, his petition was denied. See Decision, Order, and Judgment, Oriska Ins. Co. v. N.Y. Dep't of Fin. Servs., No. 13-0824 (May 1, 2014). [Docket Entry 70-2.]

(Order at 5; Pls.' Reply, at 4-5.) Upon further review, the Court acknowledges that the Article 78 proceeding in Oriska Ins. Co. v. N.Y. Dep't of Fin. Servs., No. 13-0824 (N.Y. Sup. Ct. Oneida Cty.) (the "State Court Article 78 Proceeding"), did not challenge DFS' finding of untrustworthiness. However, the Court's inadvertent error is of no moment. The documents cited by the Court in this portion of the factual background are already included in the record. The Decision, Order, and Judgment referenced by the Court was filed as an exhibit to the State Defendants' Motion. (See Docket Entry 70-2.) The petition referenced by the Court and DFS's

11

determination of Kernan's untrustworthiness were filed on the docket in conjunction with the State Defendants' prior motion to dismiss, (see Docket Entries 9-5 and 9-10), and incorporated by reference in the State Defendants' Motion, (State Defs.' Br., Docket Entry 70-1, at 2, 5-6 (noting that "'Appendix' references are to the documents previously submitted in support of [State] [D]efendants' earlier motion to dismiss (DE 9-2 through 9-10), which are incorporated by reference and physically attached to the courtesy copy of this motion").

CONCLUSION

For the foregoing reasons, Plaintiffs' motions to supplement the record on appeal (Docket Entries 84 and 98) are DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  29 , 2016
       Central Islip, New York